[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-14733
Non-Argument Calendar

_____

Agency No. A099-551-227


ISABEL CRISTINA MONTOYA-MERCADO,
ANTONIO SOTO-MONTOYA,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(June 10, 2013)

Before HULL, MARTIN and JORDAN, Circuit Judges.

PER CURIAM:

Isabel Cristina Montoya-Mercado and her son, Antonio Soto-Montoya (the Montoyas), Colombian nationals, petition for review of the decision of the Board of Immigration Appeals (BIA), which denied their second motion to reopen their deportation proceedings.  In their motion, the Montoyas asked that the BIA reopen their proceedings to consider new evidence of the changed circumstances in Colombia.  Specifically, they offered evidence that Montoya-Mercado's relative was exposed by the Colombian press as having informed against the Cali Cartel, a Colombian drug organization.  Because their family member is a known informant, the Montoyas fear they will be harmed by the Cali Cartel if they are forced to return to Colombia.

The BIA denied the motion to reopen, concluding that the motion was "untimely and number-barred" because the motion was filed "well beyond" the ninety-day deadline following the date of its final decision on the Montoyas' original application for relief, see 8 U.S.C. § 1229a(c)(7)(C)(i) (2012), and because "only one [motion to reopen] may be filed," see 8 U.S.C. § 1229a(c)(7)(A) (2012). Alternatively, the BIA denied the motion to reopen on the grounds that the new evidence was not "material" because family members of an informant are not a

2

"particular social group" protected by our asylum laws.[1]  After careful consideration, we affirm the BIA's decision on this second ground.

## I.

The Immigration and Nationality Act (INA) provides that an alien may only file one motion to reopen, and must do so within ninety days of the final order of removal.[2]  8 U.S.C. §§ 1229a(c)(7)(A), (c)(7)(C)(i).  The Montoyas' motion to reopen was based on an exception to the ninety-day rule that allows for consideration of an otherwise untimely motion when the petitioner demonstrates "changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material" and could not have been produced at the removal proceeding.  Id. § 1229a(c)(7)(C)(i)–(ii).

When the BIA concludes that a petitioner has not introduced material evidence in connection with a motion to reopen, we review that decision for abuse of discretion.  I.N.S. v. Abudu, 485 U.S. 94, 104–05, 108 S. Ct. 904, 912 (1988).  However, when the BIA's decision is based on a legal determination, our review is de novo.  Castillo-Arias v. U.S. Att'y Gen., 446 F.3d 1190, 1195 (11th Cir. 2006).

---

[1] The BIA also concluded that the Montoyas failed to make a prima facie case of a well-founded fear of persecution, because they did not show that the cartels were aware of their familial ties to the informant.  We agree that the Montoyas are not members of a "particular social group," so we need not address this conclusion.

[2] We have recently decided that the ninety-day deadline for an alien to file a motion to reopen is a non-jurisdictional claim processing rule, which is subject to equitable tolling.  Avila-Santoyo v. U.S. Att'y Gen., ___ F.3d ___, No. 11-14941, 2013 WL 1499419, at *7 (11th Cir. Apr. 12, 2013) (en banc).

A petitioner filing a motion to reopen must present evidence "that demonstrates that, if the proceedings were opened, the new evidence would likely change the result in the case." Jiang v. U.S. Att'y Gen., 568 F.3d 1252, 1256–57 (11th Cir. 2009).

For the Montoyas to be eligible for asylum, they must first show that they are refugees within the meaning of 8 U.S.C. § 1101(a)(42)(A) (2012). See 8 U.S.C. § 1158(b)(1)(A) (2012) ("[T]he Attorney General may grant asylum to an alien . . . if the Attorney General determines that such alien is a refugee within the meaning of section 1101(a)(42)(A) of [Title 8]."). In relevant part, a "refugee" is:

> any person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion . . . .

8 U.S.C. § 1101(a)(42)(A) (emphasis added).

In their motion to reopen, the Montoyas offered: 1) a translation of a Colombian radio broadcast and news articles describing their relative's cooperation with law enforcement against the Cali Cartel; 2) new asylum applications detailing the threat posed by the Cali Cartel following the news of their relative's cooperation with law enforcement; 3) an affidavit from Montoya-Mercado explaining that the U.S. Drug Enforcement Agency (DEA) moved her relative and

his immediate and extended family from Colombia to the United States because of the threat from the Cali Cartel, but that the DEA did not move the Montoyas to the United States because they were already living here; 4) a declaration from their relative, describing the same; and 5) a declaration from Montoya-Mercado's sister, also describing the same and highlighting the grave danger that the Montoyas would face in Colombia.

This is evidence which could lend credence to a finding that circumstances in Colombia have changed following the public announcement of their relative's cooperation against the Cali Cartel, and that this change would endanger the Montoyas upon their return to Colombia. However, our precedent requires the conclusion that "noncriminal informants who work against the Cali cartel" are not members of a particular social group for the purposes of our asylum laws. Castillo-Arias, 446 F.3d at 1196–99. This means that the Montoyas cannot show that this new evidence "would likely change the result" of their case because they are not refugees within the meaning of the INA, so they are not eligible for asylum. Jiang, 568 F.3d at 1256–57. In Castillo-Arias, we concluded that informants against the Cali Cartel are not members of a particular social group because "[t]he risk of persecution alone does not create a particular social group within the meaning of the INA, as virtually the entire population of Colombia is a potential subject of persecution by the cartel." Castillo-Arias, 446 F.3d at 1198. Even when

5

the identity of an informant working against a Colombian cartel is made public, as is the case here with the Montoyas' family member, we still consider that the informant is not a member of such a group because persecution alone cannot be the defining attribute of a particular social group. Id. Because we have held that informants against the Cali Cartel are not members of a particular social group, we conclude that their family are not members of a particular social group either. See id. at 1199.[3]

For these reasons, the evidence offered by the Montoyas would not likely change the result in their case, and the BIA did not err in denying the motion to reopen. See Jiang, 568 F.3d at 1256–57. The Montoyas' petition is **DENIED**.

---

[3] We have previously said that we are "dismayed" by this outcome, and "regret that Congress has not deemed it appropriate to craft some legislative relief for these individuals" "who risk their lives and the safety of their families to assist our nation's allies in the 'war on drugs.'" Castillo-Arias, 446 F.3d at 1199.